**UNITED STATES DISTRICT COURT FOR THE**
**EASTERN DISTRICT OF VIRGINIA**

| | |
|---|---|
| **Edward C. Hugler[1],** ) | |
| **Acting Secretary of Labor** ) | |
| United States Department of Labor ) | |
| (Wage and Hour Division) ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Action No. 1:17-cv-00055 |
| v. ) | |
| ) | |
| **Saldivar & Associates, Inc. d/b/a** ) | |
| **R & R Catering** and ) | |
| **Robert P. Saldivar** Individually and as ) | |
| President and Owner of **R & R Catering** ) | |
| and **Michelle M. Bloxton** Individually and ) | |
| as Vice President and Owner of ) | |
| **R & R Catering** ) | |
| ) | |
| Defendants. ) | |

**AMENDED COMPLAINT**

Plaintiff, Edward C. Hugler, Acting Secretary of Labor, United States Department of

Labor ("Plaintiff"), brings this action to enjoin Saldivar & Associates, Inc. d/b/a R & R Catering

and Robert P. Saldivar, individually and as President and Owner of R & R Catering and Michelle

M. Bloxton, individually and as Vice President and Owner of R & R Catering (hereinafter "the

Defendants") from violating the provisions of Sections 6, 7, 11(c), 15(a)(2) and 15(a)(5) of the

Fair Labor Standards Act of 1938, as amended (29 U.S.C. § 201, et seq.), hereinafter referred to

as "the Act," and for a judgment against Defendants in the total amount of back wage

compensation found by the Court to be due to any former or current employees of Defendant

---

[1] Pursuant to Federal Rule of Civil Procedure 25(d) Acting Secretary of Labor Edward C. Hugler is
substituted for former Secretary of Labor Thomas Perez.

pursuant to the Act and for liquidated damages in an amount equal to the back wages found due to the employees.

I.

Jurisdiction of this action is conferred upon the Court by Sections 16(c) and 17 of the Act, 29 U.S.C. §§ 216(c) and 217, and by 28 U.S.C. §§ 1331 and 1345.

II.

Defendant Saldivar & Associates, Inc. d/b/a R & R Catering ("R & R Catering") is, and at all times hereinafter referenced was, a corporation with a place of business at 7956 Cameron Brown Court, Unit B, Springfield, VA 22153 which is within the venue and jurisdiction of this Court.  This Defendant is an event catering company.

III.

Defendant Robert P. Saldivar is and, at all times hereinafter referenced, was the owner and President of R & R Catering.  Defendant Robert P. Saldivar does, and at all times hereinafter mentioned did, business in Springfield, VA as he oversees the daily operation of the business located at 7956 Cameron Brown Court, Unit B, Springfield, VA 22153, which is within the venue and jurisdiction of this Court. Defendant Robert P. Saldivar oversees the company's operations, warehouse and events and he manages the administrative aspects of the company. Defendant Robert P. Saldivar has acted directly or indirectly in the interest of the company in relation to their employees at all times relevant herein, and meets the definition of an employer under Section 3(d) of the Act.

IV.

Defendant Michelle M. Bloxton is and, at all times hereinafter referenced, was the owner and Vice President of R & R Catering.  Defendant Michelle M. Bloxton does, and at all times hereinafter mentioned did, business in Springfield, VA as she oversees the daily operation of the business located at 7956 Cameron Brown Court, Unit B, Springfield, VA 22153, which is within the venue and jurisdiction of this Court. Defendant Michelle M. Bloxton oversees the company's operations, warehouse and events and she supervises the food preparation and catering services of the company. Defendant Michelle M. Bloxton has acted directly or indirectly in the interest of the company in relation to their employees at all times relevant herein, and meets the definition of an employer under Section 3(d) of the Act.

## V.

1.     At all times hereinafter mentioned, Defendants have been an enterprise within the meaning of Section 3(r) of the Act, in that Defendants have been, through unified operation or common control, engaged in the performance of related activities for a common business purpose. These activities constituted (and/or were related to) the providing of event catering services, in furtherance of the business purposes of Defendants' unified business entity.

2.     At all times relevant herein, Defendants have had employees engaged in commerce or in the production of goods for commerce, including employees handling or otherwise working on goods or materials, such linens, paper products, and food that have been moved in or were produced for commerce. Employees regularly travel across state lines to perform work in Maryland and Washington, DC. Further at all times relevant herein, Defendants have had an annual gross volume sales made or business done of not less than $500,000, thereby affording coverage over all their employees pursuant to Section3(s)(1)(A) of the Act.

## VI.

3

1.      During the period from September 1, 2014 through August 30, 2016 ("the investigative period") and continuing through the present time, Defendants employed individuals to provide event catering services. The employees listed in the attached Schedule A were and are primarily employed by the Defendants to work in the event catering industry (collectively referred to hereinafter as "Employees") since September 1, 2014, which is the time period covered by this Complaint. The Employees were primarily servers, kitchen staff, event staff, and salespersons. Many of the Employees frequently and on a recurrent basis worked on average 48 to 51 hours per work week and on occasion up to 75 hours per workweek during the investigative period.

2.      During the investigative period, Defendants paid their Employees on an hourly rate basis for work performed. These rates ranged from $9.00 to $18.00 per hour for various employees. Defendants failed to pay any amounts at all to their Employees during various pay periods through the investigative period. As such, during those workweeks when Employees received no compensation, Defendants did not compensate Employees in accordance with Section 6 of the Act as Employees received wages paid at rates less than $7.25 per hour. The amount of back wages owed to each Employee varies depending on the workweeks and the number of hours each Employee worked during the period covered by this Complaint.

3.      During the investigative period, Defendants paid the Employees on an hourly rate basis for work performed, including those hours worked in excess of 40 in a work week. These rates ranged from $9.00 to $18.00 per hour. Throughout the investigative period, Defendants failed to pay Employees premium overtime pay at one and one-half their regular rates of pay when Employees worked over 40 hours in a workweek. As such, Defendants did not compensate Employees in accordance with Section 7 of the Act as Employees did not receive premium

overtime pay for hours worked over 40 in a workweek. Additional premium pay is due for hours worked in excess of 40 in a work week. The amount of weekly overtime payment owed to each Employee varies depending on the workweeks and the number of hours each Employee worked during the period covered by this Complaint.

### VII.

As described in Paragraph VI, above, during the investigative period and continuing through the time period covered by this Complaint, the Defendants violated the provisions of Sections 6 and 15(a)(2) of the Act by paying Employees wages at rates less than that required by Section 6 of the Act.

### VIII.

As described in Paragraph VI, above, during the investigative period and continuing through the time period covered by this Complaint, the Defendants violated the provisions of Sections 7 and 15(a)(2) of the Act by not compensating Employees for work performed in excess of 40 hours per week at rates not less than one and one-half times the regular rates at which they were and are employed.

### IX.

As a result of the violations alleged in Paragraphs VI through VIII above, amounts are owed for hours worked that were paid at rates less than the rates set forth in Sections 6 and 7 of the Act for the Employees named in Schedule A attached to Plaintiff's Complaint. Additional amounts may be due to other employees employed by Defendants during the time period covered by this Complaint (and continuing up to the time Defendants demonstrate that they came into compliance with the Act) whose identities are not now known to the Plaintiff.

X.

1.       The Defendants did not make or maintain records of all the actual hours worked by the Employees each workday and each workweek.

2.       The Defendants have admitted that they did not maintain complete records of daily or weekly hours worked by the Employees.

3.       During the investigative period, Defendants have violated the provisions of Sections 11(c) and 15(a)(5) of the Act, 29 U.S.C. §§ 211(c) and 215(a)(5), by failing to make, keep, and preserve adequate and accurate records of many of its employees' wages, hours and other conditions of their employment, as prescribed by the regulations of the Administrator issued pursuant to Sections 11(c) and 15(a)(5) of the Act, 29 U.S.C. §§ 211(c) and 215(a)(5), and found in Title 29, Chapter VI, Code of Federal Regulations, Part 516 in that its records failed to show, among other things, the hours worked each day and the total hours worked each week by many of its employees.

XI.

By their actions and omissions described in the preceding paragraphs, Defendants willfully violated Sections 6, 7, 11(c), 15(a)(2) and 15(a)(5) of the Act, in that they demonstrated a conscious decision not to comply with the Act and/or a reckless disregard for whether their conduct was prohibited by the Act. Plaintiff has investigated Defendants at least three times regarding compliance with the Act. During these investigations, Defendants were made aware of the requirements of the Act pay wages no less than the minimum wage of $7.25 per hour. Defendants were also made aware of the requirement to pay time and one-half premium pay for hours worked over 40 in a workweek. Finally, Defendants were made aware of recordkeeping requirements under the Act. Since Defendants knew of their obligations to pay a rate no less than

the minimum wage, to pay time and one-half for overtime hours worked, and to properly keep

records, the violations are willful. Defendants knew of their obligations to pay the appropriate

minimum wage, to pay time and one-half their regular rate for hours worked over 40 in a

workweek, and to keep appropriate records but failed to do so.

XII.

During the investigative period, Defendants continually and willfully violated the

provisions of the Act as alleged in Paragraphs VI through XI above. A judgment permanently

enjoining and restraining the violations herein alleged (including restraining of withholding of

overtime compensation) is specifically authorized by Section 17 of the Act, 29 U.S.C. § 217.

XIII.

A judgment granting recovery of said amounts referred to in Paragraph IX, together with

an equal additional amount as liquidated damages, is specifically authorized by Section 16(c) of

the Act.

WHEREFORE, cause having been shown, Plaintiff prays for judgment against the

Defendants as follows:

1.      For an Order pursuant to Section 17 of the Act permanently enjoining and

restraining Defendants, as well as Defendants' officers, agents, servants, employees, and those

persons in active concert or participation with Defendants who receive actual notice of any such

judgment, from violating Sections 6, 7, 11(c), 15(a)(2) and 15(a)(5) of the Act;

2.      For an Order pursuant to Section 16(c) of the Act finding Defendants liable for

unpaid overtime compensation due Employees and for liquidated damages equal in amount to

the unpaid compensation found due Employees listed in the attached Exhibit A.  Additional

7

overtime compensation and/or liquidated damages may be owed for the time period covered by this Complaint to certain present and former employees who were or continue to be employed by Defendants whose identities are unknown to the Plaintiff;

3.     In the event liquidated damages are not awarded under Section 16(c) of the Act, for an Order pursuant to Section 17 of the Act enjoining and restraining Defendants and Defendants' officers, agents, servants, employees, and those persons in active concert or participation with Defendants, from withholding payment of overtime compensation found due Employees and pre-judgment interest computed at the underpayment rate established by the Secretary of the Treasury pursuant to 26 U.S.C. § 6621;

4.     For an Order awarding Plaintiff the costs of this action; and

5.     For an Order granting such other and further relief as may be necessary and appropriate.


Respectfully submitted,

Nicholas C. Geale
Acting Solicitor of Labor

Oscar L. Hampton III
Regional Solicitor

Douglas N. White
Associate Regional Solicitor

/s/Karen Barefield
Karen Barefield
Attorney
Bar No. 42572
Office of the Regional Solicitor
201 12th Street South
Arlington, VA 22202-5450
Phone (202) 693-9370
Fax (202) 693-9392
Barefield.karen@dol.gov

U.S. DEPARTMENT OF LABOR
Attorneys for Plaintiff

## Exhibit A

1.  Adams, Anthony
2.  Arevealo, Luis
3.  Atopaucar, Gustavo
4.  Barrenecha, Lourdes
5.  Campos, Luis
6.  Campos, Manuel
7.  Castro, Rodrigo
8.  Cruz, Jose
9.  Garcia, Heriy
10. Gilbert, Diana
11. Jaldin, Norma
12. Licona, Carmen
13. McCullar, Jordan
14. Morales, Maritza
15. Moreno, Manuel Jose
16. Moser, Nancy
17. Niera, Ada Coca
18. Ouhamou, Abdulah
19. Pargas, Cielo Esther
20. Peralta, Elizabeth
21. Perdue, Alexandra
22. Pinto, Brenda
23. Portell, Natalie
24. Reyes, Jose
25. Rivera, Dina
26. Rojas, Gustavo
27. Valladares, Pablo
28. Warren, Cornell