UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

| | | |
|---|---|---|
| **R. Alexander Acosta,** | ) | |
| **Secretary of Labor,** | ) | |
| United States Department of Labor | ) | |
| (Wage and Hour Division), | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | 1:17-cv-00055 (LMB/MSN) |
| v. | ) | |
| | ) | |
| **Saldivar & Associates, Inc. d/b/a** | ) | |
| **R & R Catering;** and | ) | |
| **Robert P. Saldivar,** Individually and as | ) | |
| President and Owner of R & R Catering; | ) | |
| and **Michelle M. Bloxton,** Individually and | ) | |
| as Vice President and Owner of | ) | |
| R & R Catering, | ) | |
| | ) | |
| Defendants. | ) | |

**PLAINTIFF'S SUPPLEMENTAL MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR DEFAULT JUDGMENT AGAINST SALDIVAR & ASSOCIATES, INC. d/b/a R&R CATERING, ROBERT P. SALDIVAR, AND MICHELLE BLOXTON**

Plaintiff, R. Alexander Acosta, Secretary of Labor, United States Department of Labor ("Plaintiff" or "the Secretary"), hereby requests this Court to grant this motion for default judgment against Defendants Saldivar & Associates, Inc. d/b/a R & R Catering and Robert P. Saldivar, individually and as President and Owner of R & R Catering and Michelle M. Bloxton, individually and as Vice President and Owner of R & R Catering (hereinafter "the Defendants"), pursuant to Fed. R. Civ. P. 55(b).

The instant filing supplements Plaintiff's Memorandum of Law in Support of Motion for Default Judgment filed against Defendants on May 17, 2017 (ECF No. 21), and addresses the

propriety of service on Defendant Robert P. Saldivar (hereinafter "Defendant Saldivar"), individually, including the issue of service as identified in Order entered July 6, 2017 (ECF No. 27), and the computation of back wages and liquidated damages.

## I. Background

Plaintiff brought this action to enjoin Defendants from violating the provisions of Sections 6, 7, and 11(c) of the Fair Labor Standards Act of 1938, as amended (29 U.S.C. § 201, *et seq.*) (hereinafter referred to as "the Act"), and for a judgment against all Defendants in the amount of $96,470.43 in back wage compensation due to any former or current employees of Defendants pursuant to the Act and $96,470.43 in liquidated damages, which is an amount equal to the back wages due to the employees.

The Secretary filed his Complaint on January 12, 2017. An Amended Complaint updating the Exhibit A list of employees owed back wages and liquidated damages was filed on February 22, 2017. To date, no answer or other responsive pleading has been filed by Defendants. The Clerk entered the entry of default of Defendants on April 6, 2017. ECF No. 11. The Court raised a concern that all Defendants may not have been properly served. ECF No. 24. The Secretary, therefore, personally served Defendant Saldivar on June 15, 2017. ECF No. 28. On July 18, 2017, the Clerk entered a new entry of default against just Defendant Saldivar. ECF No. 32.

## II. Argument

The Secretary incorporates by reference the arguments previously made on Legal Standard, Jurisdiction under the Act, and Violations of the Act in Plaintiff's Memorandum of Law in Support of Motion for Default Judgment filed against Defendants on May 17, 2017. ECF No. 21. In addition, the Secretary argues that although the Fourth Circuit favors decisions on the

merits, in cases such as the present case in which the "adversary process has been halted because of an essentially unresponsive party," default judgment is appropriate. *S.E.C. v. Lawbaugh*, 359 F.Supp.2d 418, 421 (D. Md. 2005). In deciding a motion for default judgment, a court should accept all well-pleaded factual allegations in the complaint, as to liability, as true. *Ryan v. Homecomings Financial Network*, 253 F.3d 778, 780 (4th Cir. 2001). The Court should make an independent assessment as to damages. *Lawbaugh*, 359 F. Supp.2d at 422. A court may rely on affidavits and documents to determine the appropriate sum of damages. *Entrepreneur Media, Inc. v. JMD Entertainment Group, LLC*, 958 F.Supp.2d 588, 593 (D. Md. 2013); *Monge v. Portofino Ristorante*, 751 F.Supp.2d 789, 794-95 (D. Md. 2010).

### A. Propriety of Service

<u>Initial attempts to serve</u>.

The Secretary filed his Complaint on January 12, 2017. ECF No. 1. An Amended Complaint was filed on February 22, 2017. ECF No. 2. The Secretary hired a process server to track down and serve the Defendants.

<u>Service has been made on Ms. Bloxton and Saldivar & Associates</u>.

On March 4, 2017 the process server personally served Defendant Michelle M. Bloxton with a summons in civil action and the amended complaint at her place of business, the restaurant Blu 1681, which is located at 13188 Marina Way, Woodbridge, VA 22191. ECF No. 6. Ms. Bloxton agreed to accept service on behalf of the business Saldivar & Associates, Inc. as well as on behalf of her business partner, Defendant Saldivar. ECF Nos. 5 & 7. At the time of service, the Secretary believed this restaurant was Defendant Saldivar's place of business; however, at this time the Secretary is not able to conclude that Defendant Saldivar actually has a business interest in this restaurant. (*See* Declaration of Wage and Hour Investigator Brianna

Young, attached hereto as Exhibit A, ¶ 3.q). Defendant Saldivar did not file an answer or motion pursuant to Rule 12 of the Federal Rules of Civil Procedure by March 27, 2017, the date by which he was required to have filed an answer to the complaint or a Rule 12 motion. Believing Defendants had been properly served in this matter, the Secretary filed a Request for Entry of Default on April 4, 2017 against all Defendants in order to initiate the process of obtaining a default judgment. ECF No. 9. The Clerk of Court entered the default of all Defendants on April 6, 2017 for failure to plead or otherwise defend as provided by the Federal Rules of Civil Procedure. ECF No. 11. On April 26, 2017 the Court issued an Order that "Upon further review, [] it is unclear whether all defendants have been properly served." ECF No. 14. The Order directed the Secretary to promptly complete service of all defendants. *Id.*

Subsequent attempts to serve Mr. Saldivar.

The Secretary made attempts to track down and serve Defendant Saldivar with a summons in civil action and the amended complaint. These attempts included sending a process server to the principal office address for Saldivar & Associates, Inc. registered with the Virginia State Corporation Commission, locating Defendant Saldivar's former landlord, tracking down addresses associated with Defendant Saldivar since September 2003, contacting an attorney who has filed a law suit against Defendant Saldivar in another matter, and reaching out to an attorney representing Defendant Saldivar's business partner, Ms. Bloxton, in another matter. Despite these attempts, the Secretary was not able to locate and personally serve Defendant Saldivar with service of process. On May 25, 2017 the Court issued an Order directing the Secretary to properly serve Defendant Saldivar within twenty-one days, by June 15, 2017. ECF No. 24.

Personal Service on Mr. Saldivar has been made.

The process server located and personally served Defendant Saldivar with a summons in

civil action and amended complaint at his place of business, Culinary Command Cuisine cafeteria located at the Army National Guard Readiness Center in Arlington, Virginia on June 15, 2017. (Exhibit B, Summons and Proof of Service for Robert P. Saldivar).

Pursuant to Fed. R. Civ. P. 12, Defendant Saldivar's answer or motion was due July 6, 2017. However, to date neither the Court nor the Secretary has received Defendant Saldivar's answer or motion. The Secretary filed a request for entry of default on July 17, 2017 and obtained the entry on July 18, 2017. ECF No. 32.[1]

**B. Damages**

    **i. Back wages and liquidated damages**

The Secretary seeks back wages, liquidated damages, and injunctive relief for Defendants' violations of Section 6, 7, and 11 of the Act. Section 16(c) of the Act specifically authorizes a judgment granting recovery of back wages and an equal additional amount as liquidated damages for violations of the minimum wage and overtime provisions of the Act. Here, the employer violated the Act's minimum wage and overtime provisions from September 1, 2014 through August 30, 2016. The Secretary has found that the employees identified on the Amended Complaint's Schedule A are owed back wages and the equal amount of liquidated damages pursuant to Section 16(c). ECF No. 2. The amount of back wages owed to each employee varies depending on the workweeks and the number of hours each employee worked during the relevant time period. *See* 29 U.S.C. §§ 206, 207; Exhibit A, Schedule A Summary of Unpaid Wages.

Attached hereto as Exhibit A is the Declaration under penalty of perjury of Wage and Hour Investigator ("WHI") Brianna Young. WHI Young was the investigator assigned to this

---

[1] The service of summons and the amended complaint on each of the Defendants is described in the Declaration of Pollyanna E.F. Hampton, attached hereto as Exhibit C.

matter. (Young Decl. ¶¶ 1-2). In her Declaration, WHI Young describes the process by which she calculated the back wages due the employees of Defendants. (*Id.* at ¶¶ 3.g.-3.l). WHI Young determined that 28 of Defendants' employees are due $38,492.76 in back wages based on Defendants' failure to pay them the minimum wage of $7.25 per hour. (*Id.* at ¶ 3.j). WHI Young also determined that 17 of Defendants' employees are due $57,977.67 in back wages based on Defendants' failure to pay them the premium overtime rate of one and one-half times the regular rate of pay for hours worked over 40 in a workweek. (*Id.* at ¶ 3.l). In total, these employees are due $96,470.43 in back wages plus an equal amount in liquidated damages. (*See* Schedule A, attached to Young Declaration).

### ii. Injunctive relief

Section 17 of the Act, 29 U.S.C. § 217, authorizes a judgment permanently enjoining and restraining Defendants, as well as Defendants' officers, agents, servants, employees, and those persons in active concert or participation with Defendants who receive actual notice of any such judgment, from violating Sections 6, 7, and 11(c) of the Act. Injunctive relief is appropriate here. The Secretary seeks injunctive relief to prevent the Defendants from continuing to violate the Act.

### III. Conclusion

Pursuant to Fed. R. Civ. P. Rule 55(a), the Secretary requests that the Motion for Default Judgment against Defendants be granted.

| | |
|---|---|
| Mailing Address: | Respectfully submitted, |
| | |
| Oscar L. Hampton III | Nicholas C. Geale |
| Regional Solicitor | Acting Solicitor of Labor |
| U.S. Department of Labor | |
| 201 12th Street South | Oscar L. Hampton III |
| Arlington, VA 22202-5450 | Regional Solicitor |
| Tel: (202) 693-9382 | |
| Fax: (202) 693-9392 | Samantha N. Thomas |
| | Regional Counsel |
| | |
| | Pollyanna E.F. Hampton |
| | Senior Trial Attorney |
| | |
| /s/ Karen Barefield | /s/ Gerard Mene |
| Karen Barefield | Gerard Mene |
| VA State Bar No. 42572 | Assistant U.S. Attorney |
| Counsel for the U.S. Department of Labor | Counsel for the United States |
| Office of the Regional Solicitor | Office of the U.S. Attorney |
| 201 12th Street South, Suite 401 | 2100 Jamieson Avenue |
| Arlington, Virginia 22202 | Alexandria, Virginia 22314 |
| Tel: (202) 693-9382 | Tel: (703) 299-3777 |
| Fax: (202) 693-9392 | Fax: (703) 299-3983 |
| barefield.karen@dol.gov | gerard.mene@usdoj.gov |
| hampton.pollyanna@dol.gov | |

August 4, 2017

**CERTIFICATE OF SERVICE**

I hereby certify that on August 4, 2017, I electronically filed the foregoing SUPPLEMENTAL MEMORANDUM OF LAW AND EXHIBIT A (YOUNG DECLARATION), SCHEDULE A (SUMMARY OF UNPAID WAGES), EXHIBIT B (AFFIDAVIT OF PROCESS SERVER) and EXHIBIT C (HAMPTON AFFIDAVIT) and PROPOSED ORDER OF DEFAULT JUDGMENT and SCHEDULE A (SUMMARY OF UNPAID WAGES), using the CM/ECF system, which will send notification of such filing to all counsel of record.

I also certify that I mailed a copy of the foregoing document, along with all attachments thereto, via U.S. Mail, First Class, to:

> Saldivar & Associates, Inc. d/b/a R&R Catering
> Michelle M. Bloxton
> 13188 Marina Way
> Woodbridge, VA 22191
>
> Saldivar & Associates, Inc. d/b/a R&R Catering
> Michelle M. Bloxton
> 6564 Manet Court
> Woodbridge, VA 22193
>
> Saldivar & Associates, Inc. d/b/a R&R Catering
> Michelle M. Bloxton
> Robert P. Saldivar
> 7956 Cameron Brown Court, Unit B
> Springfield, VA 22153
>
> Robert P. Saldivar
> Culinary Command Cuisine
> 111 South George Mason Drive
> Arlington, VA 22204

<pre>
                              ___/s/_____
                              Karen Barefield
                              VA State Bar No. 42572
                              Counsel for the U.S. Department of Labor
                              Office of the Regional Solicitor
                              201 12th Street South, Suite 401
                              Arlington, Virginia 22202
                              Tel: (202) 693-9382
                              Fax: (202) 693-9392
                              barefield.karen@dol.gov
</pre>