IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

|                                          | )  |                              |
| THOMAS PEREZ, et al.,                    | )  |                              |
|                                          | )  |                              |
| Plaintiff,                               | )  |                              |
| v.                                       | )  | Civil No. 1:17-cv-55-LMB-MSN |
|                                          | )  |                              |
| SALDIVAR & ASSOCIATES, INC.              | )  |                              |
| d/b/a R&R CATERING, et al.,              | )  |                              |
|                                          | )  |                              |
| Defendants.                              | )  |                              |
|                                          | )  |                              |

## **REPORT & RECOMMENDATION**

This matter comes before the Court on Plaintiffs' Motion for Default Judgment (Dkt. No. 20). Having reviewed the record and pleadings, the undersigned Magistrate Judge recommends entering default judgment in the Plaintiffs' favor for the reasons that follow.

**I.      Background**

On February 22, 2017, Plaintiffs filed an Amended Complaint to enjoin Defendants, owners of a catering business and the business itself, from violating the Fair Labor Standards Act ("FLSA") and for back wage compensation due to employees of Defendants. *See* Am. Compl. (Dkt. No. 2) at 1. Plaintiffs allege that from September 1, 2014 to August 30, 2016, Defendants failed to pay their employees overtime compensation. *Id.* ¶ 3 at 4. Plaintiffs assert and Defendants have admitted that Defendants did not either possess or preserve records of their employees' hours. *Id.* ¶¶ 1–3 at 6. Plaintiff seeks recovery of $96,470.43 in back wage compensation and $96,470.43 in liquidated damages plus interest to employees listed in Plaintiffs' Exhibit B to their Motion for Default Judgment (Dkt. No. 20-2). *See* Pls.' Supplemental Mem. in Supp. of Mot. for Default J. at 2 (Dkt. No. 34).

## II. Procedural History

On March 4, 2017, Plaintiffs attempted to serve Defendants (Dkt. Nos. 5–7). The process server personally served Defendant Michelle M. Bloxton, owner and Vice President of Saldivar & Associates, Inc. d/b/a R&R Catering, at her place of business pursuant to Federal Rule of Civil Procedure 4(e) (Dkt. No. 6). Ms. Bloxton agreed to accept service on behalf of Saldivar & Associates (Dkt. No. 7) and Mr. Saldivar (Dkt. No. 5). On April 4, 2017, the Clerk entered a default as to all three Defendants: Saldivar & Associates, Inc., Robert P. Saldivar, and Michelle M. Bloxton (Dkt. No. 9). On May 17, 2017, Plaintiffs filed a Motion for Default Judgment (Dkt. No. 20).

On May 25, 2017, the undersigned found that service was improper as to Defendant Robert P. Saldivar and required Plaintiffs to properly serve Mr. Saldivar within 21 days of the Order (i.e. by June 15, 2017) (Dkt. No. 24). On June 15, 2017, Plaintiffs personally served Mr. Saldivar copies of the Amended Complaint with the Summons, the Motion for Default Judgment, and the Memorandum in Support of the Motion for Default Judgment at his business (Dkt. No. 28). Mr. Saldivar did not file a response within 21 days of receipt (Dkt. No 20-3). The Clerk entered a second default as to Mr. Saldivar on July 18, 2017 (Dkt. No. 32).

## III. Service of Process, Jurisdiction, and Venue

The docket reflects that all Defendants have now been properly served pursuant to Va. Code §§ 8.01-296, 299. *See* Summons Return Executed (Dkt. Nos. 6–7, 28). This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1345 and 29 U.S.C. §§ 216(c) and 217, as Plaintiffs' claims arise under federal law, the FLSA, and from an Act of Congress regulating commerce. Am. Compl. at 1–2. Plaintiffs allege that Defendants violated §§ 6, 7, 11(c), 15(a)(2) and 15(a)(5) of the FLSA. *Id.* at 1. This Court also has personal jurisdiction over

the Defaulting Defendants. As stated in the Complaint, the Defaulting Defendants are Virginia entities or owners, principals, or controlling officers thereof. *See id.* at 2–3. Virginia's long-arm statute authorizes the exercise of personal jurisdiction over the Defaulting Defendants, who satisfy the minimum contacts test under the Due Process Clause of the Fourteenth Amendment. *See CFA Inst. v. Inst. of Chartered Fin. Analysts of India*, 551 F.3d 285, 292 (4th Cir. 2009). Defendants are corporations or residents who owned and operated a catering service in Virginia. *See* Am. Compl. at 2–3. Venue is proper pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to the claim against Defendants occurred within the Eastern District of Virginia. *See id.*

## IV. Legal Standard

Default judgment is appropriate if the well-pled allegations of the complaint establish that the plaintiff is entitled to relief and the defendant has failed to plead or defend within the time frame set out in the rules. Fed. R. Civ. P. 55; *see Music City Music v. Alfa Foods, Ltd.*, 616 F. Supp. 1001, 1002 (E.D. Va. 1985). By defaulting, the defendant admits the plaintiff's well-pled allegations of fact, which then provide the basis for judgment. *See Ryan v. Homecomings Fin. Network*, 253 F.3d 778, 780 (4th Cir. 2001) (quoting *Nishimatsu Constr. Co. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975)); *Partington v. Am. Int'l Specialty Lines Ins. Co.*, 443 F.3d 334, 341 (4th Cir. 2006). Nevertheless, "'[a] court confronted with a motion for default judgment is required to exercise sound judicial discretion in determining whether the judgment should be entered, and the moving party is not entitled to default judgment as a matter of right.'" *ReadyCap Lending, LLC v. Servicemaster Prof'l Cleaning, Inc.*, No. 2:15-cv-451, 2016 WL 1714877, at *2 (E.D. Va. Apr. 12, 2016) (quoting *EMI April Music, Inc. v. White*, 618 F. Supp. 2d 497, 505 (E.D. Va. 2009)). Here, because Defendants have not answered or

otherwise timely responded, the well-pled allegations of fact contained in the Complaint are deemed to be admitted.

V.     Analysis

Having examined the record, the undersigned Magistrate Judge finds that the well-pled allegations of fact contained in the Complaint, and supported by Plaintiffs' Motion for Default Judgment and Supplemental Memorandum in Support of Default Judgment, establish that Defendants violated minimum wage and overtime provisions of the FLSA. Plaintiffs are therefore entitled to default judgment in their favor as detailed below.

   A.     Minimum Wage & Maximum Hours

To establish a violation of the minimum wage provision of the FLSA, Plaintiffs must show that (1) they were employed by Defendants; (2) they were engaged in commerce or in the production of goods for commerce; (3) they were not compensated for all hours worked during each workweek at a rate equal to or greater than the then-applicable minimum wage; and (4) none of the exemptions in 29 U.S.C. § 213 applied to Plaintiffs' positions. *See* 29 U.S.C. § 206; *see also Portillo v. King of Pita Bakery, Inc.*, No. 1:12-cv-1103, 2013 WL 3479651, at *6 (E.D. Va. July 9, 2013).

To establish a violation of the maximum hours provision of the FLSA, Plaintiffs must show that (1) they were employed by Defendants; (2) they were engaged in commerce or in the production of goods for commerce; (3) they worked more than 40 hours per workweek; (4) they were not compensated at a rate of 1.5 times their regular rate for each hour worked longer than 40 hours for each workweek; and (5) none of the exemptions in 29 U.S.C. § 213 applied to Plaintiffs' positions. *See* 29 U.S.C. § 207.

Plaintiffs' Complaint establishes the elements of violations of the minimum wage and maximum hours provisions of the FLSA. Plaintiffs do not allege that the exemptions in 29 U.S.C. § 213 apply to them, and after reviewing the pleadings and the FLSA, the undersigned finds that determination accurate. From September 1, 2014 to August 30, 2016, Plaintiffs worked as servers, kitchen staff, event staff, and salespersons at Defendants' catering service. Am. Compl. ¶ 1 at 4. According to Wage and Hour Investigator Brianna Young, during this time Plaintiffs often worked approximately 48 to 51 hours per week and sometimes up to 75 hours. *Id.*; Decl. of Brianna Young in Supp. of Pls.' Mot. for Default J. [hereinafter Young Decl.] ¶ 3g at 2 (Dkt. No. 34-1). Defendants were to pay hourly employees a rate of $9.00 to $18.00 per hour, but from September 1, 2014 to August 30, 2016, Plaintiffs were paid less than $7.25 per hour. Am. Compl. ¶ 2 at 4; Young Decl. ¶¶ 3g–3h at 2. In fact, on the following dates, Defendants did not pay Plaintiffs at all:

- November 4, 2015-November 17, 2015
- December 2, 2015-December 15, 2015
- December 16, 2015-December 29, 2015
- December 30, 2015-January 13, 2016
- June 15, 2016-June 28, 2016
- June 29, 2016-July 12, 2016
- July 13, 2016-July 26, 2016
- July 27, 2016-August 9, 2016
- August 10, 2016-August 23, 2016

Young Decl. ¶ 3i at 2-3. Because the applicable minimum wage at the time of Plaintiffs' employment was $7.25 per hour, Plaintiffs correctly assert that the Defaulting Defendants paid

5

them less than the federal minimum wage. Am. Compl. at 5; *see* 29 U.S.C. § 206. Plaintiffs also correctly assert that the Defaulting Defendants paid them at rates less than the required rate of 1.5 times the federal minimum wage for each hour they worked in excess of 40 hours. Am. Compl. ¶ 3 at 4-5; Young Decl. ¶ 3k at 3; *see* 29 U.S.C. § 207.

Plaintiffs calculate that they are owed **$38,492.76** in total back wages for Defendants failing to pay the minimum wage. Young Decl. ¶¶ 3j, 3n at 3–4, 9–13. The Wage and Hour Investigator Brianna Young also notes that Defendants misclassified one employee, who worked on average 60 hours per week at a rate of $22.92 per hour, as exempt from overtime pay. *Id.* ¶ 3l. After reviewing timesheets and payroll records, she concludes that 17 employees are due **$57,977.67** in back wages for Defendants failing to pay overtime. *Id.* ¶ 3m. Accordingly, Plaintiffs are entitled to their respective unpaid wages from the Defaulting Defendants.

### B. Statute of Limitations

Claims of willful FLSA violations are subject to a three-year statute of limitations. *See* 29 U.S.C. § 255(a); *Perez v. Mountaire Farms, Inc.*, 650 F.3d 350, 375 (4th Cir. 2011). A violation of the FLSA is "willful" if "an employer either knew it was violating the FLSA or 'showed reckless disregard' toward it." *LaFleur v. Dollar Tree Stores, Inc.*, No. 2:12-cv-363, 2012 WL 4739534, at *1 (E.D. Va. Oct. 2, 2012) (quoting *McLaughlin v. Richland Shoe Co.*, 486 U.S. 128, 133 (1988)). Plaintiffs argue that Defendants willfully violated §§ 6, 7, and 11(c) of the FLSA. *See* Pls.' Mem. of Law in Supp. of Mot. for Default J. at 6–7 (Dkt. No. 21). Plaintiffs allege that Defendants were informed at least twice of their obligations to pay minimum wage and overtime for hours worked over 40 in one workweek. *Id.* at 7. The Department of Labor previously investigated Saldivar & Associates, Inc. for compliance with the FLSA first from March 9, 2009 to March 7, 2011 and then from January 18, 2013 to August 2,

2014. *Id.* n.3. The first investigation revealed that Saldivar & Associates, Inc. had violated §§ 6 and 7 of the FLSA for "being months behind on payroll, paying straight time for overtime, and misclassifying employees as independent contractors." *Id.* The second investigation found that Saldivar & Associates, Inc. had violated §§ 7 and 11 of the statute for once again "failing to pay the proper overtime premium pay amount to employees and for misclassifying employees as exempt." *Id.* Based upon the company's previous violations, the three-year statute of limitations applies.

The FLSA also requires employers to post and keep posted in "conspicuous places" a notice explaining the Act, unless the employer is covered by an exemption. 29 C.F.R. § 516.4. The Wage and Hour Investigator asserts that Defendants misrepresented the rate of pay they would pay each Plaintiff, Young Decl. ¶ 3g at 2, but Plaintiffs make no mention of whether Defendants failed to post conspicuous notice on the FLSA, including information on Plaintiffs' rights, enforcement remedies, and non-retaliation. Moreover, no evidence has been produced to show that any of the exemptions listed in 29 U.S.C. § 213 apply to Plaintiffs. *See generally* Am. Compl. The undersigned recommends that, if the District Judge enters judgment in this matter against the Defaulting Defendants, Plaintiffs be awarded <span style="color:red">the sum of total back wages for Defendants failing to pay the minimum wage ($38,492.76) and total back wages for Defendants failing to pay overtime ($57,977.67), amounting to</span> **$96,470.43** in unpaid wages. *See* Pls.' Mot. for Default J. at 2.

### C. Liquidated Damages

An employer who violates the minimum wage or maximum hours provisions of the FLSA must pay the employee liquidated damages in an amount equal to the amount of unpaid wages, unless the employer shows that it acted in good faith. *See* 29 U.S.C. § 216(b); *Perez*, 650

F.3d at 375. The employer bears the burden of establishing good faith in defense of a claim of a willful violation. *Perez*, 650 F.3d at 375. Because Defendants have failed to appear and present any defense, the undersigned recommends granting Plaintiffs an award of liquidated damages equal to the amount of unpaid wages, **$96,470.43**. *See* Pls.' Mot. for Default J. at 2.

### D. Attorney's Fees, Costs, and Interest

Federal Rule of Civil Procedure 54(c) narrows the relief a plaintiff may be granted on a default judgment to the monetary amount demanded in the pleadings. "In considering the scope of Rule 54(c), the U.S. Court of Appeals for the Fourth Circuit has held that in default cases, there can be no recovery over the amount pled in the complaint, and that the complaint must pray for a specific monetary amount." *Sheet Metal Workers' Nat'l Pension Fund v. Frank Torrone & Sons, Inc.*, No. 1:04-cv-1109, 2005 WL 1432786, at *8 (E.D. Va. June 1, 2005); *Glaser v. Hagen*, No. 114-cv-1726-LMB-IDD, 2016 WL 521454, at *1 n.1 (E.D. Va. Feb. 5, 2016) (denying plaintiff's request for "interest paid on a home equity loan" for failure to plead a specific monetary amount).

The FLSA awards the prevailing party reasonable attorney's fees and costs to be paid by the other party. *See* 29 U.S.C. § 216(b); *Jackson v. Estelle's Place, LLC*, 391 F. App'x 239, 242 (4th Cir. 2010). Plaintiffs do not, however, seek to recover attorney's fees, and while their Amended Complaint requests costs, they do not provide an amount for costs in any of the pleadings. *See* Am. Compl. ¶ 3 at 8. Because Plaintiffs do not specify a monetary amount for either, and fail to even request attorney's fees, the undersigned recommends denying both attorney's fees and costs. Similarly, Plaintiffs do not request any pre- and post-judgment interest. *See generally* Am. Compl. The undersigned therefore recommends denying an award for interest.

**VI. Recommendation**

For the foregoing reasons, the undersigned recommends:

1) GRANTING Plaintiffs' Motion for unpaid wages in the amount of $96,470.43; and

2) GRANTING Plaintiffs' Motion for liquidated damages in the amount of $96,470.43.

**VII. Notice**

By means of the Court's electronic filing system and by mailing a copy of this Report and Recommendation to Defendants at their address for service of process, the parties are notified as follows. Objections to this Report and Recommendation must be filed within fourteen (14) days of service on you of this Report and Recommendation. Failure to file timely objections to this Report and Recommendation waives appellate review of the substance of this Report and Recommendation and waives appellate review of a judgment based on this Report and Recommendation.

/s/
Michael S. Nachmanoff
United States Magistrate Judge

September 27, 2017
Alexandria, Virginia